# MILLS BLACK LLP

1215 19th Street NW
Washington, DC 20036
millsblack.com

**H. ALLEN BLACK**
Partner
HABlack@millsblack.com
1.202.967.4102 D
1.410.507.1768 C

*[Handwritten annotation: The relief sought in the last paragraph of ECF 40 is provisionally GRANTED. SO ORDERED. /s/ [signature] USDJ 5-15-2025]*

May 14, 2025

**VIA ECF**
The Honorable Judge P. Kevin Castel
United States District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Caterpillar Inc., et al, v. Liberty Global Logistics LLC, et al.
       Case No. 25-cv-00028 (PKC)
       Letter Motion Concerning Motion to Seal Defendants' MTD Exhibits 2, 3, & 5, or in the Alternative, Approve Redactions to Exhibit 5.

Dear Judge Castel:

We are counsel to Defendants Liberty Global Logistics LLC ("*LGL*"), Liberty Maritime Corporation ("*LMC*"), CONRO1 Corporation ("*CONRO1*"), and the M/V *LIBERTY POWER* (the "*Vessel*") in this action. Pursuant to Rule 3A and 5B of Your Honor's Individual Practices in Civil Cases, we move to seal Defendants' Exhibits 2, 3, & 5 to the Declaration of Conlan Buchanan (the "*Declaration*"), filed in support of Defendants' Motion to Dismiss Caterpillar Inc. *et al's* Amended Verified Complaint (the "*Motion*"). The parties will request the Court to enter a Stipulated Protective Order and Caterpillar will be designating the referenced exhibits as "Confidential" under the anticipated order.

Concurrently LGL requests the court's approval of redactions of certain confidential business information contained in the Twenty Ninth Amendment to Statement of Work #1 ("*AMD 29*"; Exhibit 5 to the Declaration). Caterpillar does not object to the proposed redactions but is of the position, in the first instance, that Exhibits 2, 3, and 5 should be filed under seal because they contain confidential business and commercial information the public disclosure of which would cause it harm.

## FACTUAL BACKGROUND

Effective February 5, 2019, Caterpillar Logistics LLC ("*CAT Logistics*") and LGL (as "*Provider*") entered into a Master Service Agreement (the "*MSA*"; Exhibit 2 to the Declaration) to set a framework for LGL's ocean transportation services for CAT Logistics and other CAT affiliates, subsidiaries, suppliers, and dealers (collectively, "*Shippers*" in the MSA). The MSA provides that a Shipper and Provider may enter into a Statement of Work ("*SOW*,") under which Provider is to provide shipping services. Concurrently with the MSA, LGL and CAT Logistics as agent of Caterpillar Inc. ("*CAT Inc.*") entered into SOW # 1 (Exhibit 3 to the Declaration), under

which LGL agreed to provide shipping services, and CAT Inc. agreed that the Shippers would collectively tender an agreed minimum volume of cargo.

On December 29, 2022, CAT Logistics and LGL entered into their first full vessel voyage charter (under which the Vessel would carry only Caterpillar cargo for the voyage) by AMD 29. The voyage charter of the Vessel was for a voyage from Tacoma to Shanghai for loading and then to Chennai for loading and discharging, then to Jeddah for discharging, and finally to Zeebrugge for discharging, with charter hire at a stated daily rate.

The MSA contains both a confidentiality and disclosure clause which limit the release of Caterpillar Confidential Information except as otherwise expressly agreed in writing by CAT Logistics. The MSA's definition of "Caterpillar Confidential Information" includes the MSA, as well as the SOW, and thus by extension, AMD 29. Although the MSA, SOW, and AMD 29 are extensively quoted and referenced in Caterpillar's Amended Complaint (particularly the MSA's Sections 17, 19, 20, and 29 and the SOW's Sections 8 and 11), and CAT Logistics and CAT Inc. have consented to the quoting and referencing of those same sections of the foregoing documents in Defendants' Memorandum in Support of Motion to Dismiss, CAT Logistics and CAT Inc. do not consent to the public filing of those documents, thereby necessitating the filing of this Motion Letter.

With regard to AMD 29, LGL requests that narrowly tailored redactions be permitted to the AMD 29. Specifically, AMD 29 contains sensitive and confidential business information, including charter rates, negotiated fees, financial adjustments, vessel laytime terms, the identity of non-party signatories.

## LEGAL STANDARD

The right of public access to judicial documents is firmly rooted in our nation's history and there is a common law presumption of access. *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir.1995); *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119–20 (2d Cir. 2006). The public right of access is not absolute however, and a court is empowered to seal court records.

The party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access and "[t]he importance of the material to the adjudication, the damage disclosure might cause, and the public interest in such materials should be taken into account before a seal is imposed". *Joy v. North,* 692 F.2d 880, 893-894 (2d Cir. 1982). See also *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 121 (2d Cir. 2006).

## BASIS FOR SEALING THE MSA, SOW, & AMD 29

With respect to the basis for sealing Exhibits 2 (MSA), Exhibit 3 (SOW), and Exhibit 5 (AMD 29) to the Declaration, the MSA prevents LGL from disclosing Caterpillar's confidential information without express written consent. Upon information and belief, the MSA and the SOW are standard, confidential forms used by CAT Inc. and CAT Logistics in arranging transportation of their goods, the disclosure in full of which in the context of this case may present a commercial impact or harm to Caterpillar. Caterpillar objects to the disclosure of the MSA, the SOW and AMD 29 and LGL does not wish to breach the confidentiality provisions of the MSA and so is compelled to request this Court to permit the filing of Exhibits 2, 3, and 5 under seal.

## BASIS FOR APPROVAL OF REDACTIONS

LGL requests approval of certain specific and narrowly tailored redactions to Exhibit 5 to the Declaration (AMD 29), which Caterpillar does not oppose.

Specifically, LGL wishes to redact certain rates, costs, charges, fees, and signatory identification which are contained in AMD 29 and which constitute confidential business information, the disclosure of which would constitute harm to LGL and CAT Logistics, would not serve the public interest, and for which there is no alternative to protect the threatened interest. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006); *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 747 (S.D.N.Y. 2017).

### *Rate Information*

The AMD 29 represents the confidential and commercial negotiations of the parties with respect to the voyage at issue in the instant case. The financial component (charter rates, administrative fees, applicable credits, Bunker Adjustment Factor ("BAF") scale, and permissible number of days) constitute confidential business information.

That financial component is not relevant to the issues between the parties and there is no countervailing public interest in the rates that LGL charged, and that CAT Logistics as agent of CAT Inc. accepted, as part of the charter. Further, the disclosure of those rates and specific details would likely result in a competitive disadvantages to CAT Logistics, CAT Inc., and LGL should that information become publicly available to the parties' competitors. *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting a motion to seal based on the potential for disclosure of the requested documents to do commercial harm).

### *Signatory Information*

With respect to the signatory information, the parties concur that the persons who signed AMD 29 in their official capacity are non-parties who wish to avoid the risk of public threat and harassment which may attend individual identification as corporate officials in a public docket.

For good cause, the court may order redactions of additional information. Fed. Rules of Civil Procedure 5.2(d)(1). Further, the "privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation" when considering the presumption of access against countervailing factors such as the privacy interests of those resisting disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)

The release of the names of the signatories in the AMD 29, in contrast to the signatories in the MSA and SOW, represent non-parties in their current roles. Accordingly, the parties have conferred and agreed to the proposed redactions that have been applied to AMD 29. The applied redactions are narrowly tailored to balance the interest of both the parties and the public.

## CONCLUSION

The parties request court approval to file the MSA, SOW, and AMD 29 (Exhibits 2, 3, and 5 to the Declaration) under seal. LGL requests, and Plaintiffs do not oppose, this Court's approval for the requested narrowly tailored and minor redactions of AMD 29.

OK

Respectfully submitted,

### ON BEHALF OF DEFENDANTS

/s/ *H. Allen Black*
H. Allen Black
MILLS BLACK LLP
1215 19th Street, NW
Washington, DC 20036
hablack@millsblack.com
(202) 967 4102
Admitted *pro hac vice* on March 22, 2025

Peter F. Black
MILLS BLACK LLP
1215 19th Street, NW
Washington, DC 20036
pblack@millsblack.com
(202) 967 4103
NY Bar No. 5374749
Admitted *pro hac vice* on March 26, 2025

CC:   All counsel of record by ECF